

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-1368
Re: May the Board of Trustees of
a school district refuse to accept
a student who is within the school
age but has graduated from high
school.

We are in receipt of your letter of September 5, 1939,
requesting the opinion of this Department in which you submit in sub-
stance the following facts:

Last spring a boy graduated from the Greenville High
School who is not yet sixteen years of age. His parents feel that
he is too young to go away to college and desire to send him back
to the local high school for some additional science courses in
preparation for a pre-medical course when he attends college and
to allow him another year in which to mature. The attendance of
this child will not require the setting up of any additional classes
and he desires to take certain courses which he did not take in his
regular high school schedule. The local board of trustees has ruled
that students who have graduated may not return to the high school
for further study.

The question submitted is whether the local board of school
trustees can refuse to accept a student as long as he is within the
school age.

Article 2902, Revised Civil Statutes, 1925, provides as
follows:

"All children without regard to the color, over six
years of age and under eighteen years of age at the begin-
ning of any scholastic year, shall be included in the
scholastic census and shall be entitled to the benefit of
the Public School Fund for that year. The Board of School

Hon. L. A. Woods, Page 2

Trustees of any city or town or independent or common school district shall admit to the benefits of the public schools any person over six and not over twenty-one years old at the beginning of the scholastic year, if such person or his parent or legal guardian resides within said city, town or district." (Underscoring ours)

Article 2904, Revised Civil Statutes, 1925, provides that:

"The trustees of schools shall have the power to admit pupils over and under scholastic age, either in or out of the district, on such terms as they may deem proper and just; providing that in admitting pupils over and under the scholastic age, the school shall not be over crowded to the neglect and entry of pupils within the scholastic age. They may suspend from the privileges of schools any pupil found guilty of incorrigible conduct, but such suspension shall not extend beyond the current term of the school." (Underscoring ours)

The Supreme Court in the case of Love vs. City of Dallas, (1931) 40 S. W. (2d) 20, had before it for construction the foregoing statute. It was there held that children between eighteen and twenty-one, while entitled to the benefit of the public schools, were not public free school students since the statute does not provide that they shall be entitled to the benefit of the public school fund for that year. The opinion points out that "scholastic population" means "those who under the statutes of the State had the right to attend the public schools and receive the benefits of the public free school fund."

If Article 2902 only provided that children of scholastic age should be admitted to the benefit of the public schools it might be argued that having completed a prescribed course of study sufficient to secure a certificate of graduation or diploma the child had received all of the benefits of the public school. However, with reference to scholastics it is provided that children of scholastic age shall not only be entitled to the benefits of the public schools but shall be entitled to the benefits of the public school fund for that year. The scholastic census is not based upon attendance or enrollment in school but is based upon the statutory age limit and residence within the district. Article 2904 does not purport to authorize the trustees to admit and reject pupils within the scholastic age residing in the district upon such terms as the trustees deem proper and just. This child being of scholastic age and residing in

the district, the school district would receive from the State the same per capita apportionment whether the child attended school or not and we are unable to perceive how such child could receive the benefit of the public school fund "for that year" unless he should be allowed to enroll and attend school. In this connection we also call attention to Article 2901, Revised Civil Statutes, 1925, which reads as follows:

"Every child in this State of scholastic age shall be permitted to attend the public free schools of the district or independent district in which it resides at the time it applies for admission, notwithstanding that it may have been enumerated elsewhere, or may have attended school elsewhere part of the year." (Underscoring ours)

The Department of Education has apparently recognized that a scholastic may attend school after graduation in its bulletin on Standards and Activities, No. 397, Volume XV, No. 4, dated September 1, 1939, page 59, wherein it is stated:

"Four year high schools should require not more than sixteen academic units for graduation, and two year high schools not fewer than eight nor more than ten. A unit of work represents a subject pursued for a period of not fewer than 36 weeks, five recitations per week. High schools may give local credit for extra curricula activities. These do not satisfy college entrance requirements. In case any pupil who is allowed to graduate on a non-college entrance basis decides later to enter college, such pupil should meet requirements by additional work in high school before being certified to college entrance." See Suggested Curricula, page 48. (Underscoring ours)

Is a distinction to be drawn between students who are or become financially able to attend college and those who cannot attend college so that the former may continue to receive the benefits of the public school fund and the latter may not?

Since the child here under consideration is less than sixteen years of age we also call attention to the following statutes:

"Article 2892. Every child in the State who is seven years and not more than sixteen years of age shall be required to attend the public schools in the district of its residence, or in some other district to which it may be transferred as provided by law, for a period of not less

Hon. L. A. Woods, Page 4

than one hundred and twenty days. The period of compulsory school attendance et each school shall begin at the opening of the school term unless otherwise authorized by the district school trustees and notice given by the trustees prior to the beginning of such school term; provided that no child shall be required to attend school for a longer period than the maximum term of the public school in the district where such child resides."

"Article 2893. The following classes of children are exempt from the requirements of this law:

"1. Any child in attendance upon a private or parochial school which shall include in its course a study of good citizenship, and shall make the English language the basis of instruction in all subjects.

"2. Any child whose bodily or mental condition is such as to render attendance inadvisable, and who holds definite certificate of a reputable physician specifying this condition and covering the period of absence.

"3. Any child who is blind, deaf, dumb or feeble-minded, for the instruction of whom no adequate provision has been made by the school district.

"4. Any child living more than two and one-half miles by direct and traveled road from the nearest public school supported for the children of the same race and color of such child and with no free transportation provided.

"5. Any child more than twelve years of age who has satisfactorily completed the work of the seventh grade of a standard elementary school of seven grades, and whose services are needed in support of a parent or other person standing in parental relation to the child, may, on presentation of proper evidence to the county superintendent, be exempted from further attendance at school."

Articles 297 and 298, Texas Penal Code, 1925, contain the same language as the foregoing statutes and appropriate provisions and penalties are made for the enforcement thereof.

Hon. L. A. Woods, Page 5


In these compulsory education statutes certain exceptions are specifically listed but no provision is found exempting a child within the designated age limits who has completed enough courses to secure a certificate of graduation from a high school.

Assuming that scholastic qualifications might have been based upon the number of courses completed with a passing grade or upon some other formula, yet the Legislature did not see fit to so provide. Instead, it has provided that children of certain ages shall be entitled to the benefits of the public schools and children within certain age brackets shall in addition thereto be entitled to the benefits of the public school fund for that year.

It is our opinion that the board of trustees of the Greenville High School is not authorized to refuse to accept a student under the circumstances presented in your letter of request so long as such student is within the scholastic age.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_
Cecil C. Cammack
Assistant

APPROVED SEP 25, 1939
COC:N

FIRST ASSISTANT
ATTORNEY GENERAL.



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN